# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHNNY BUSTAMONTE,

    Petitioner,

    vs.                                       Civil No. 97-423 JC/WWD

TIM LeMASTER, Warden,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1. THIS MATTER comes before the Court following an evidentiary hearing held on April 20, 1999. Petitioner, who is represented by the Federal Public Defender, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Bustamonte is currently incarcerated and confined pursuant to the judgment, sentence and commitment of the Fifth Judicial District in the Court of Chaves County for the crimes of aggravated burglary, robbery, armed robbery, aggravated battery, and unlawful taking of a motor vehicle.

    2. Petitioner pled guilty to nine counts of a 21 count indictment with the government dismissing the remaining counts. See Ans., Ex. A (Amended J&S). He was sentenced on November 14, 1994 to a term of confinement which consisted of consecutive sentences adding up to total exposure of 61½ years followed by 2 years on parole. The sentencing court suspended the sentence except for 25 years to be followed by 2 years on parole and 5 years on probation.

    3. Petitioner asserts two grounds for relief:

(1) that a plea agreement existed and that it was violated by the government, rendering it invalid and involuntary;

(2) that Petitioner received ineffective assistance of counsel by not reducing the plea agreement to writing, unreasonably advising Petitioner to accept the plea and failing to investigate Petitioner's claims of innocence.

4. Mr. Bustamonte contends he had been promised in the plea agreement a sentence of 13½ years and that therefore, when the state recommended a sentence of incarceration of 36 years at the sentencing hearing (Tape "T" 11/7/94,[1] 14.1), the state violated the plea agreement. The hearing was held to determine whether a plea agreement in fact existed, what representations, if any, were made, and obtain testimony regarding Petitioner's claims of ineffective assistance of counsel.

## PROPOSED FINDINGS OF FACT

**First Ground for Relief - Invalid Plea**

5. In order to be constitutional, a guilty plea must be both knowing and voluntary. See Parke v. Raley, 506 U.S. 20, 28 (1992). Once a defendant has pled guilty, it is only when the consensual character of the plea is called into question that the validity of a guilty plea may be impaired. Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir.), cert. den., 115 S.Ct. 2591 (1995), citing Mabry v. Johnson, 467 U.S. 504, 508-09 (1984) (other citations omitted).

6. For the reasons given below, I find that no plea agreement ever existed, much less that it was breached by the government. Both defense counsel and the judge noted at the outset of the

---

[1] "T" (Tape) citations to the state record proper are to a Sony Model BM-88, with approximately 91 counters per tape side.

plea hearing that there was no agreement. (T.2, 10/11/94, 69.9, 73.0).[2] The guilty plea proceeding itself reflects that Petitioner did not enter into a plea agreement with the prosecutor. Ans., Ex. B.

7. Petitioner argues that a plea agreement was at least implied, since the 12 remaining counts on the indictment were, in fact, dismissed. However, testimony at the hearing clearly establishes that although the state and Petitioner entered into negotiations regarding the plea, they could not agree on a disposition. A guilty plea was entered with an agreement as to liability for certain charges but with no agreement as to disposition.

8. Instead, Petitioner and his counsel were given the expectation that the charges not pled to would be dismissed. It was common practice or custom in the area to have an agreement regarding the charges pled to without an agreement as to disposition. Tr. at 27-28, 39, 45, 56, 64.[3] The state did inform the judge at the plea hearing that it would not be pursuing these other charges, since it was satisfied that Mr. Bustamonte's exposure to a sentence in excess of 60 years gave the court "sufficient sentencing capability." Tr. at 40-41, T.2, 10/11/94, 76-6 - 77.3.

9. A lack of agreement as to disposition was due largely to the fact that it had not yet been decided whether Bustamonte would be sentenced as an adult or a juvenile. Tr.at 31-32. As a youthful offender, the sentencing judge makes this determination by looking at several factors such as prior record and amenability to treatment. Tr. at 28. After separate hearings on this issue, based on Petitioner's record of prior offenses, his history of violence both in the community

---

[2] In the denial of Mr. Bustamonte's state habeas petition, the state court found that the record expressly stated that "there was no plea agreement." Ans., Ex. D.

[3] "Tr." refers to relevant portions of the hearing transcript from April 20, 1999.

3

and while in jail, see Deft. Exs. A, B,[4] and no available appropriate treatment, the judge decided to sentence Petitioner as an adult. In fact, although psychological expert Dr. Lev initially opined in his forensic evaluation report that Petitioner was amenable to treatment, Pltff's Ex. 1, he later changed his opinion when he became aware of Bustamonte's prior adjudications and of his violence while in detention. T.2 10/24/94, 63.5-81.1; Tr. at 37.

10. Thus, Petitioner's only expectations relating to his plea were that the charges he was not pleading to would be dropped. He can hardly claim prejudice when these expectations were met. He was not, as he contends, facing trial on the other 12 charges where the State had already informed the Court that these would not be pursued.

11. Based on the evidence from both the state record and from the hearing, Bustamonte's plea was clearly knowing and voluntary. Petitioner admitted in open court that the plea was voluntary and denied that he had been promised anything to induce him to accept the plea. T.2, 10/11/94, 73.3 - 73.6. He remained silent as to any agreement he had with the state regarding a 13½ year sentence when, at the sentencing hearing, the State informed the court that it recommended a sentence of 36 years. Tr. at 34. T. 11/7/94, 14.1.

12. There is no evidence except for his own alleged recollection that Petitioner was promised a sentence of 13½years. According to the guilty plea proceeding which he signed and the sentencing judge's statements at the plea hearing, Petitioner was aware that the maximum sentencing range was 61½ years, and he was present when the state recommend the 36-year sentence. Ans., Ex. B; T. 2, 10/11/94, 70-72.6).

13. Petitioner's testimony that Mr. Michelson never explained the guilty plea proceeding

---

[4] "Ex." refers to exhibits submitted at the hearing.

form or that he never discussed the case, is not credible. Tr. at 21, 23-24. I find that Mr. Michelson did meet with Bustamonte and that in fact, time was taken from the proceedings for the purpose of reviewing the form. Tr. at 52-53, 57.

14. Because I find that Petitioner has not shown that a plea agreement existed, I find that there has been no breach or violation on the government's part.

15. Petitioner offers no evidence or argument which would be enough to overcome the presumption of verity which accompanies "solemn declarations [made] in open court." Laycock v. State of New Mexico, 880 F.2d 1184, 1188 (10th Cir. 1989). His attempts to attack the validity of his guilty plea on the basis of his age (17 years old at the time) and distraction under stress not only have no merit but are thoroughly unconvincing.

16. Petitioner would characterize himself as a kind of innocent buffeted about by a legal system he was not familiar with and confused to the point where he was not rational, when in fact he was a gang leader with a history of violence, had previous adjudications as a juvenile,[5] was released from the New Mexico Boys' School approximately two months prior to the incidents arising out of the case, and demonstrated violent behavior even while in the detention center, which included sending letters threatening physical harm, death, or paralysis to his co-defendants who had talked to the police. T.2, 10/24/94, 64- 67, 74-75.

17. Neither does his alleged mental state at the time he entered his plea weaken or cast doubt on the validity of his plea. It is accepted that deadlines, mental anguish, depression, and stress are "inevitable hallmarks of pretrial plea discussions," and that such factors "considered

---

[5] Petitioner had appeared before the same state judge at least a dozen times for at least three or four adjudications. Tr. at 35.

individually or in aggregate do not establish that Petitioner's plea was involuntary." Miles v. Dorsey, 61 F.3d 1459, 1470 (10th Cir. 1995) (citation omitted) (noting that although "[c]riminal prosecutions are stressful experiences for nearly all concerned," the defendant's "agitated emotional state" did not establish that his guilty plea was involuntary).

18. In sum, I find that no plea agreement was entered. The only expectation Petitioner had regarding his plea was the dismissal of counts not pled to, which was realized. Thus, grounds for relief should denied on this ground.

**Second Ground for Relief - Ineffective Assistance of Counsel**

19. Petitioner next alleges that he received ineffective assistance of counsel with respect to his state court guilty plea. Performance by defense counsel that is constitutionally inadequate can render a plea involuntary. Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir.), cert. den., 115 S.Ct. 2591 (1995).

20. To prevail on his claim of ineffective assistance of counsel, Bustamonte must show (1) that counsel's advice was within the range of competence demanded of attorneys in criminal cases and (2) that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Gonzales v. Tansy, unpubl. opin., 65 F.3d 178 (10th Cir. 1995) (citing Strickland v. Washington, 466 U.S. 668, 690 (1984)).

21. Petitioner contends that even if there was no plea agreement, counsel was ineffective if he reasonably believed from his defense attorney that a plea agreement for no more than 13½ years did in fact exist.[6] I find no basis at all from any of the evidence or testimony for

---

[6] I need not address Petitioner's allegations of ineffective assistance based on the existence of an agreement, given my earlier findings that no such agreement existed. In fact, I agree with the state court findings which denied Petitioner's habeas petition that his argument was

6

Bustamonte to have had a reasonable belief in such an agreement. Subjective understanding alone does not determine whether a guilty plea is constitutionally infirm. Cunningham v. Diesslin, 92 F.3d 1054, 1060 (10th Cir. 1996). Petitioner's belief must be based upon "some other additional factor, such as coercion or material misrepresentation by the prosecutor" -- factors which are missing here, since there is no evidence that an agreement existed which could be misunderstood and the evidence does show that any expectations he could reasonably have had were satisfied.

22. Further, I would have difficulty finding Petitioner prejudiced, even if his attorney had held out an expectation of a maximum term of 13½ years. Bustamonte pled to nine out of 21 counts charged. Accepting the plea to these counts came out favorably to him, considering that the maximum exposure if found guilty to all counts (not including additional time if aggravating circumstances were found) was 87 years. Instead, by pleading to nine of the charges, his exposure was 61½ years, all of which was suspended except for 25 years. T. 11/14/94, 68.6 - 69.2.

23. Bustamonte maintains that counsel's failure to investigate made him give up colorable claims of innocence and accept a plea. He claims, for example, that he did not commit the aggravated burglaries because his co-defendants, and not he, actually entered the dwellings along with the intent to commit a theft and after entering the dwellings, armed themselves with a firearm. I find that counsel's failure to investigate was not objectively unreasonable. The evidence shows that the government had a very strong case against Petitioner, based on

---

"disingenuous" in alleging ineffectiveness on the part of counsel for failing to put into writing a plea agreement which the overwhelming evidence from the record shows did *not* exist. Ans, Ex. D.

7

eyewitness testimony, testimony of the victims (one victim was an 86 year-old woman who was viciously beaten and sustained four broken ribs in the attack), and physical evidence which included blood on Petitioner's clothes. Tr. at 29-31.

24. The evidence was overwhelming that Petitioner was the ringleader in the series of burglaries, armed robbery and beatings. Tr. at 29, 30, 51.[7] However, even if the evidence showed that he was not, the New Mexico accessory statute makes Bustamonte equally culpable of the crimes of which he was charged.[8] Because I find no merit to Petitioner's allegations of ineffective assistance of counsel on any of the grounds raised, relief on these bases should be dismissed.

## CONCLUSIONS OF LAW

25. Petitioner's plea was valid in that it was knowing and voluntary.

26. There was no plea agreement in place. The only expectation Petitioner was given related to the dismissal of charges to which he did not plead. The state dropped those charges.

27. Petitioner obtained effective assistance of counsel regarding the state court guilty plea. Petitioner's claims of ineffective assistance of counsel have no merit on any of the grounds raised.

### Recommendation

I recommend that Petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that this cause be dismissed with prejudice in its entirety. Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant

---

[7] In the course of the sentencing hearings, it was noted that none of the other co-defendants had prior brushes with the law.

[8] A person is equally culpable as accessory if he "procures, counsels, aids or abets in its commission." NMSA 1978, § 30-1-13 (1963).

to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

                                                    UNITED STATES MAGISTRATE JUDGE